# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**J CLASS COLLISION, LLC,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-255**     (Cir. Ct. Kanawha Cnty. Case No. CC-20-2021-C-930)

**REALCORP, LLC,**
**Defendant Below, Respondent**

**FILED**
**March 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner J Class Collison, LLC, ("J Class") appeals the May 28, 2024, order from the Circuit Court of Kanawha County, which granted the motion to dismiss filed by respondent RealCorp, LLC ("RealCorp"), on the basis that J Class's complaint was time barred.[1] RealCorp filed a response.[2] J Class filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

RealCorp is a West Virginia company engaged in the business of selling real estate. Jonathan Cavendish is a member of RealCorp and a state-licensed real estate broker. This case centers on events surrounding RealCorp and Mr. Cavendish's involvement in J Class's acquisition of Lot No. 4 in a commercial development known as Carney Commercial Court ("CCC"). According to J Class's October 15, 2021, complaint, the facts of this case are as follows.

On June 9, 2013, J Class entered into a lease purchase agreement with CCC to rent and/or purchase Lot No. 4 ("Agreement"). Mr. Cavendish served as the agent for both J Class and CCC for this transaction. In doing so, Mr. Cavendish drafted the Agreement by modifying the terms of an existing agreement form he had on his computer to reflect the terms of the transaction. The Agreement included a description and a map of the property.

---

[1] The circuit court's ruling also denied J Class's motion for default judgment. However, that ruling is not challenged on appeal.

[2] J Class is represented by Howard M. Persinger III, Esq. RealCorp is represented by John W. Burns, Esq.

1

The map included handwritten modifications by Mr. Cavendish, which reflected different property boundaries for the CCC Lots and included Mr. Cavendish's handwritten legal description of the property (the "Cavendish Map"). The Cavendish Map purportedly reserved a portion of Lot No. 3 for J Class to use for its business, with the remaining portion of Lot No. 3 being a vehicle turnaround for all CCC tenants. Disputes regarding the Agreement and Cavendish Map led to litigation in 2015 and 2017 from which J Class claims it incurred significant attorney's fees.[3]

On October 15, 2021, J Class filed its complaint alleging that the attorney's fees were damages it incurred as a direct and proximate cause of the actions of RealCorp and Mr. Cavendish. It also claimed that its inability to use Lot No. 3 resulted in economic losses. The complaint alleged that Mr. Cavendish continued to maintain a professional and personal relationship with J Class during the ongoing litigation in 2015 and 2017. This included Mr. Cavendish testifying in both cases.

RealCorp filed a motion to dismiss on November 29, 2021, alleging, among other things, that J Class's complaint was a negligence cause of action which was barred by the applicable two-year statute of limitations. In response, J Class maintained that the statute of limitations was tolled by the "continuous representation doctrine" recognized by the Supreme Court of Appeals of West Virginia ("SCAWV") in Syllabus Points 6-9 of *Smith v. Stacy*, 198 W. Va. 498, 482 S.E.2d 115 (1996). On this issue, J Class maintained that Mr. Cavendish testified in the prior cases to mitigate the damages caused by his own negligence and, thus, the doctrine tolled the limitations period.

The motion to dismiss was heard by the circuit court on May 8, 2023. On May 28, 2024, the circuit court entered the order presently on appeal. In that order, the circuit court only addressed the statute of limitations argument and concluded that the record established that J Class reasonably knew or should have known of its claim against RealCorp more than two years prior to the filing of its October 15, 2021, complaint. The circuit court found that J Class's negligence claim was subject to the two-year statute of limitations set forth in West Virginia Code § 55-2-12 (1959). The circuit court further concluded that J Class was on notice of its claim by August 22, 2018, at the latest, the date the plaintiff in the 2017 lawsuit against J Class filed an amended complaint adding a negligence claim against Realcorp based on Mr. Cavendish's preparation of the lease purchase agreement.

---

[3] In 2015, J Class sued CCC to enforce its purchase option under the Agreement. Pursuant to a circuit court order entered on July 11, 2016, it was determined that J Class was entitled to purchase the property. In 2017, another CCC tenant sued J Class, regarding its use of a portion of Lot No. 3. J Class believed it was permitted to use Lot No. 3 as provided by the Cavendish Map. However, in February of 2020 a jury returned a verdict against J Class and granted the prevailing party an easement based upon prior use. Between the two cases, J Class maintains that it incurred over $146,000 in attorney's fees.

The circuit court also declined to apply the continuous representation doctrine to toll the statute of limitations. It found that, historically, the doctrine has only been applied to instances involving attorneys or claims against attorneys. It further found that J Class had offered no legal authority to support its contention that the doctrine applies to real estate agents or brokers, and that the limited authority cited by J Class which recognized the application of the doctrine in certain cases where a fiduciary duty was established was unpersuasive. The circuit court dismissed the complaint, and this appeal followed.

Our review of an order granting a motion to dismiss is de novo. Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995) ("Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*."); *Folse v. Rollyson*, 249 W. Va. 389, 393, 895 S.E.2d 244, 248 (Ct. App. 2023) ("When reviewing a circuit court's order granting a motion to dismiss, this Court applies a de novo standard of review." (citations omitted)).

On appeal, J Class raises two assignments of error. First, J Class contends that the circuit court erred by failing to apply the continuous representation doctrine to toll the statute of limitations.[4] Because this assignment of error is purely a question of law and dispositive of the circuit court's determination that the complaint was time barred, we do not need to address J Class's second assignment of error.[5]

On this issue, J Class contends that Mr. Cavendish is a nonlawyer who acted in the role of an attorney by drafting the Agreement and property description, his negligently performed legal services were the proximate cause of the litigation in 2015 and 2017, and that Mr. Cavendish unsuccessfully attempted to mitigate his negligent conduct. Thus, J Class contends that because Mr. Cavendish was performing legal work, the doctrine should be applied to toll the statute of limitations. Specifically, J Class notes that according to *Smith*, the doctrine is intended to allow

---

[4] J Class concedes that its claim is subject to a two-year statute of limitations under West Virginia Code § 55-2-12. Aside from arguing for tolling under the continuous representation doctrine, J Class does not dispute the circuit court's finding that its claim accrued by August 22, 2018, at the latest.

[5] In its second assignment of error, J Class generally contends that the circuit court failed to view the complaint in a light most favorable to it when it ruled on the motion to dismiss, and alternatively, to the extent the motion to dismiss was converted to a motion for summary judgment, genuine issues of material fact had been established to survive summary judgment. Having found that the resolution of the matter of law is determinative of the case, we find that no factual circumstances exist that would allow the complaint to proceed.

an attorney to continue efforts to remedy a bad result, even if some damages have occurred and even if the client is fully aware of the attorney's error. The doctrine is fair to all concerned parties. The attorney has the opportunity to remedy, avoid or establish that there was no error or attempt to mitigate the damages. The client is not forced to end the relationship, although the option exists. This result is consistent with any expressed policy basis for the statute of limitations.

*Smith*, at 505, 482 S.E.2d at 122. J Class also maintains that because RealCorp and Mr. Cavendish owed it a fiduciary duty, the doctrine applies. We are unpersuaded by these contentions.

As adopted in *Smith*, the continuous representation doctrine states:

West Virginia adopts the continuous representation doctrine through which the statute of limitations in an attorney malpractice action is tolled until the professional relationship terminates with respect to the matter underlying the malpractice action. The limitations period for a legal malpractice claim is not tolled by the continuous representation rule where an attorney's subsequent role is only tangentially related to legal representation the attorney provided in the matter in which he was allegedly negligent. The continuous representation doctrine applies only to malpractice actions in which there is clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and the attorney. The continuous representation doctrine should only be applied where the attorney's involvement after the alleged malpractice is for the performance of the same or related services and is not merely continuity of a general professional relationship.

*Smith*, at 499, 482 S.E.2d at 116, syl. pts. 6-9 (cleaned up).

We agree with the circuit court's observation that since its adoption, the SCAWV has declined to extend the continuous representation doctrine beyond the attorney-client relationship. In fact, the doctrine was recently revisited in *Hupp v. Monahan*, 245 W. Va. 263, 858 S.E.2d 888 (2021), wherein the SCAWV noted that as an exception to the statute of limitations, the doctrine must be strictly construed. *Id*. at 269, 858 S.E.2d at 894. *Hupp* also recognized that it had previously held that the doctrine does not apply where no attorney-client relationship exists. *Id*. at 270, 858 S.E.2d at 895, citing *Starcher v. Pappas*, No. 16-1160, 2017 WL 5157366, at *5 (W. Va. Nov. 7, 2017) (memorandum decision) (concluding that continuous representation doctrine did not apply in an action against a former administrator of an estate for breach of fiduciary duty because there was no attorney-client relationship).

4

Applying that rationale to this case, we find no error in the circuit court's determination that the continuous representation doctrine did not apply in this case. J Class offers no authority which recognizes that a nonlawyer's performance of legal services invokes the doctrine. Moreover, while J. Class relies upon decisions from other jurisdictions to argue that the fiduciary relationship in this case requires application of the doctrine to toll the statute of limitations, we are unpersuaded by those decisions. Instead, we find that the SCAWV has clearly indicated that in the absence of attorney-client relationship, the continuous representation doctrine may not be invoked to toll a limitations period. As such, Mr. Cavendish's status as a nonlawyer prevents the formation of an attorney-client relationship. Thus, the circuit court properly dismissed the complaint as time barred.

Accordingly, we affirm the circuit court's May 28, 2024, order.

Affirmed.

**ISSUED:** March 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White